328 P.2d 306

**W. B. RUSSELL, Plaintiff and Appellant,**

**v.**

**The OGDEN UNION RAILWAY AND DE-POT COMPANY, a corporation, Defendant and Respondent.**

No. 8603.

Supreme Court of Utah.

Aug. 4, 1958.

17. e. g. In Colorado meadow lands are now protected by statute. See Sec. 19, Chap. 90, Colo.Stats.1935.

Niel R. Olmstead, Patterson & Kunz, Ogden, for appellant.

Bryan P. Leverich, M. J. Bronson, A. U. Miner, Marvin J. Bertoch, Salt Lake City, for respondent.

WADE, Justice.

Plaintiff, W. B. Russell, appeals from a jury verdict of no cause of action. The action seeks to recover damages for wrongful discharge of plaintiff as a switchman by the defendant, OUR&D Company, under a collective bargaining contract between the Company and the Brotherhood of Railway Trainmen.

Article VIII, Rule 38 of that agreement provides that:

"No yardman will be suspended or dismissed without first having a fair and impartial hearing and his guilt established."

Article XIII, Rule 55(b) of that agreement provides that:

"Yardmen taking leave of absence for a period of over ten days must secure and fill out Form 153 so the leave will be covered as a matter of record."

In 122 Utah 107, 247 P.2d 257, we disposed of a previous appeal in this case.

On July 4, 1945, plaintiff was scalded while in defendant's employ. This required hospitalization and Company doctor treatment. The doctor released the plaintiff to return to work from this injury on July 11. But plaintiff did not return to work until July 18 and 19, and then absented himself without filling out the required form until 6:30 in the morning of August 1, when the Company notified him by telephone to report for an investigation for his violation of Rule 55(b) for absence without leave from July 20 to the 31st. On plaintiff's request the investigation was continued to and held on August 3, 1945.

Plaintiff was the only witness in this investigation. He was represented by his local union chairman. His testimony was later transcribed. By that testimony he claimed that he was sick and unable to work during that period. The Company questioned this, suggesting that he was working instead at the Pine View Inn in which his wife had an interest, and confronted him with a record of very small time worked during the previous six-month period. The next day, August 4, plaintiff was notified by the Company that his employment was terminated. Thereafter plaintiff attempted an appeal but the appeal failed and he commenced this action.

The trial court gave lengthy instructions and required the jury to return a general verdict which it did, finding no cause of action. The court also submitted to the jury the following special interrogatories which the jury answered as indicated below.

First Interrogatory: Did the Depot Company in fact breach the contract by not complying with Article VIII, Rule 38, as claimed?

Answer: No.

Second Interrogatory: Was Mr. Russell in fact guilty of violating Article XIII, Rule 55(b) by being absent from work from about July 20 to July 31, 1945?

Answer: Yes.

The answers to these interrogatories are determinative of this case and require that the judgment be affirmed.

There is ample evidence on each of these issues to sustain the jury's findings so we affirm the judgment. In view of this holding the other points argued, including the claimed errors in instructions, become immaterial.

Judgment affirmed. Costs to respondent.

McDONOUGH, C. J., and CROCKETT, WORTHEN and HENRIOD, JJ., concur.